## (November 18, 1936.)

JAMES F. COUGHLIN, as Executor, etc., of JOHN J. COUGHLIN, Deceased, Respondent, v. MAX M. YELLEN and SAMUEL L. YELLEN, Appellants.

PER CURIAM. An automobile owned by defendant Samuel L. Yellen and driven with his consent by defendant Max M. Yellen collided at a street intersection in the city of Buffalo with another automobile in which John J. Coughlin was a passenger with his son, plaintiff James F. Coughlin, who was driving. John J. Coughlin was killed. Plaintiff, as executor, has a judgment for $6,317. Defendants appeal. The trial court correctly charged the jury (1) that if they found that plaintiff, not decedent, owned the car driven by James F. Coughlin any negligence in James F. Coughlin could not be attributed to decedent; and (2) that if the jury found that decedent owned the car, he was responsible for any negligence in James F. Coughlin contributing to the result of the collision. A general verdict

was rendered. We are, of course, unable to determine from the record whether the verdict in plaintiff's favor followed a jury finding that plaintiff was contributorily negligent with defendant Max M. Yellen but that decedent did not own the automobile — or from a finding that decedent owned the car but that neither James F. Coughlin nor decedent was contributorily negligent. A majority of this court has concluded that a finding that decedent was not the owner of the car would have been against the weight of the evidence. Two members of the court favor a determination that such a finding would have been erroneous both as a matter of law and of fact. Under such circumstances, without discussing any other phases of the case, we are constrained to grant a new trial, with costs to the appellants to abide the event. In the interest of clarity, we suggest that in case a new trial be had, the following specific questions of fact be left to the jury: 1. Was defendant Max M. Yellen guilty of negligence contributing to the accident? 2. Was plaintiff James F. Coughlin guilty of negligence contributing to the accident? 3. Was decedent guilty of negligence contributing to the accident? 4. At the time of the collision, who was the owner of the car in which decedent was riding, plaintiff or decedent? 5. What is the amount of plaintiff's damages? All concur. Sears, P. J., and Edgcomb, J., also vote for reversal on the law as well as the facts on the ground that a finding of ownership in the plaintiff James F. Coughlin was contrary to, as well as against, the weight of the evidence. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ. Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event.